**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TONY ALLEN CRAWFORD, | No.    17-35796 |
| Plaintiff-Appellant, | No. 6:16-CV-748 |
| v. | MEMORANDUM[*] |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted December 17, 2018[**]

Before: GOODWIN, FARRIS, and LEAVY, Circuit Judges.

Tony Allen Crawford appeals the district court's judgement affirming the

Commissioner of Social Security's denial of Crawford's application for disability

insurance benefits under Title XVI of the Social Security Act. We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v.*

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we reverse and remand for further proceedings.

Substantial evidence supports the ALJ's finding that Crawford has past relevant work as a construction laborer, meaning that he did not meet the criteria for disability under Medical-Vocational Guidelines Rule 203.10. While it is not clear from the record whether Crawford worked as a construction laborer for three months or sixth months, either duration meets the requirement for learning this occupation under the Dictionary of Occupational Titles ("DOT"). *See* DOT App. B; *Id.* at 869.687-026, 1991 WL 687635. Crawford has not shown that he was denied the opportunity to respond to the finding that he had past relevant work experience. *See Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001).

Crawford's work experience also does not fall under the agency's regulatory exception for claimants who have worked only "off-and-on" during the pertinent fifteen-year period, excluding these jobs from qualifying as past relevant work experience. *See* DOT App. B. While the record shows periods of sporadic work activity, it does not establish that Crawford "can hold a job for only a short period of time," as his work as a nightclub bouncer for several years refutes this proposition. *See Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999).

The ALJ failed to provide specific and legitimate reasons for rejecting the

opinion of examining psychologist Dr. Alvord. For instance, while the ALJ reasoned that, although Dr. Alvord attributed Crawford's anxiety to childhood trauma, Crawford's mental status was fairly normal and his memory was intact, the ALJ did not explain the relationship between this trauma-induced anxiety and the expected effect on memory or IQ. Because the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct," the ALJ's omission of this explanation means that this reason is not specific and legitimate. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation and internal quotation marks omitted). The ALJ similarly failed to elucidate how Crawford's treatment history and daily activities fail to support Dr. Alvord's opinion. *See id.*

Several of the ALJ's reasons for discounting Dr. Alvord's opinion also lack substantial evidentiary support. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). For example, the record does not substantiate the ALJ's reasoning that nothing in Crawford's vocational history supports Dr. Alvord's opinion, as Crawford's earning records demonstrate that he has not worked since 2005. Similarly, the pyschodiagnistic test results that Dr. Alvord obtained contradict the ALJ's assertion that nothing in Dr. Alvord's examination and testing results supports his opinion about Crawford's limitations.

The ALJ cited several clear and convincing reasons for discounting Crawford's testimony as to his symptoms and limitations, including the lack of supporting medical evidence, conservative treatment, reported activities, and inconsistencies in Crawford's statements. *See Trevizo*, 871 F.3d at 678; *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008). Crawford's objections to the ALJ's reliance on his inconsistent statements and lack of supporting medical evidence amount to advocating for alternatives to the ALJ's rational interpretation of the record and therefore do not demonstrate error. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). While the ALJ erred by citing Crawford's criminal convictions to discount his testimony, the error was harmless because the ALJ provided other clear and convincing reasons. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ committed reversible error by failing to proffer specific and legitimate reasons for rejecting Dr. Alvord's opinion. Because the ALJ did not err in discounting Crawford's testimony, it is not clear from the record that crediting Dr. Alvord's opinion would require the ALJ to find Crawford disabled. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Therefore, we remand for further proceedings so that the ALJ can reconsider Dr. Alvord's opinion and either

4

credit the opinion or provide specific and legitimate reasons for discounting it, reformulate Crawford's residual functional capacity if necessary, conduct a new Step Five analysis if necessary, and engage in further proceedings consistent with this decision that the ALJ deems appropriate.

**REVERSED AND REMANDED.**